UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED

MAY 1 4 2009

Michael N. Milby, Clerk of Court

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the July 26, 2008 Cotto/Margarito Program, §§§§<br>Plaintiff, §<br>v. §§<br>MARISOL VEGA, Individually and as officer, § director, shareholder and/or principal of HOUSTON § PUERTO RICAN RESTAURANT, LLC d/b/a § ISLA COQUI a/k/a ISLA COQUI PUERTO RICAN § RESTAURANT & BAR a/k/a ISLA COQUI § PUERTO RICAN RESTAURANT and HOUSTON § PUERTO RICAN RESTAURANT, LLC d/b/a § ISLA COQUI a/k/a ISLA COQUI PUERTO § RICAN RESTAURANT & BAR a/k/a ISLA COQUI § PUERTO RICAN RESTAURANT §<br>Defendant. § | Civil Action No. 4:09-cv-01002 |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME MARISOL VEGA (hereinafter referred to as "VEGA") and HOUSTON PUERTO RICAN RESTAURANT, L.L.C. (hereinafter referred to as "HOUSTON") and answer as follows to the allegations contained in Plaintiff's Complaint in the above-styled and numbered cause:

I.

1. Defendants VEGA and HOUSTON admit that Plaintiff has brought a cause of action pursuant to 47 U.S.C. §§ 553 and 605. Defendants VEGA and HOUSTON are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained within paragraph 1 of Plaintiff's Complaint, if any.

2. Defendants VEGA and HOUSTON admit each of the averments contained within paragraph 2 of Plaintiff's Complaint.

3. Defendants VEGA and HOUSTON admit each of the averments contained within paragraph 3 of Plaintiff's Complaint.

4. Defendants VEGA and HOUSTON admit that this Court has personal jurisdiction over the parties in this action. Defendants VEGA and HOUSTON the remainder of the averments contained within paragraph 4 of Plaintiff's Complaint.

5. Defendants VEGA and HOUSTON are without knowledge or information sufficient to form a belief as to the truth of the averments contained within paragraph 5 of Plaintiff's Complaint.

6. Defendants VEGA and HOUSTON deny the averments contained within paragraph 6 of Plaintiff's Complaint.

7. Defendants VEGA and HOUSTON admit that VEGA is a corporate officer and shareholder of HOUSTON and are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained within paragraph 7 of Plaintiff's Complaint because this paragraph is incomprehensible.

8. Defendants VEGA and HOUSTON specifically deny that VEGA had supervisory capacity and control over every activity that occurred within the Isla Coqui Puerto Rican Restaurant and Bar on July 26, 2008 and are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained within paragraph 8 of Plaintiff's Complaint.

9. Defendants VEGA and HOUSTON specifically deny that Defendant VEGA

received a direct financial benefit from the operations of HOUSTON on July 26, 2008 and deny the remainder of the averments, if any, contained within paragraph 9 of Plaintiff's Complaint.

10. Defendants VEGA and HOUSTON admit that HOUSTON is a business entity having its place of business at 1801 Durham Drive, Suite 1-A, Houston, TX 77007 and deny the remainder of the averments contained within paragraph 10 of Plaintiff's Complaint.

11. Defendants VEGA and HOUSTON admit the averments contained within paragraph 11 of Plaintiff's Complaint.

12. Defendants VEGA and HOUSTON admit that HOUSTON is licensed to do business in the State of Texas and deny the remainder of the averments contained within paragraph 12 of Plaintiff's Complaint.

13. Defendants VEGA and HOUSTON admit that HOUSTON is licensed to do business in the State of Texas and deny the remainder of the averments contained within paragraph 13 of Plaintiff's Complaint.

14. Defendants VEGA and HOUSTON deny the averments contained within paragraph 14 of Plaintiff's Complaint.

15. Defendants VEGA and HOUSTON are without knowledge or information sufficient to form a belief as to the truth of the averments contained within paragraph 15 of Plaintiff's Complaint.

16. Defendants VEGA and HOUSTON are without knowledge or information sufficient to form a belief as to the truth of the averments contained within paragraph 16 of Plaintiff's Complaint.

17. Defendants VEGA and HOUSTON are without knowledge or information sufficient to form a belief as to the truth of the averments contained within paragraph 17 of Plaintiff's Complaint.

18. Defendants VEGA and HOUSTON deny the averments contained within paragraph 18 of Plaintiff's Complaint.

19. Defendants VEGA and HOUSTON deny the averments contained within paragraph 19 of Plaintiff's Complaint.

20. Defendants VEGA and HOUSTON admit that 47 U.S.C. §605(a) prohibits the knowing and intentional unauthorized reception and publication or use of certain communications under certain circumstances, deny that 47 U.S.C. §605(a) prohibits the unknowing or unintentional unauthorized reception and publication or use of communications, and are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained within paragraph 20 of Plaintiff's Complaint.

21. Defendants VEGA and HOUSTON deny the averments contained within paragraph 21 of Plaintiff's Complaint.

22. Defendants VEGA and HOUSTON deny the averments contained within paragraph 22 of Plaintiff's Complaint.

23. Defendants VEGA and HOUSTON deny the averments contained within paragraph 23 of Plaintiff's Complaint.

24. Defendants VEGA and HOUSTON deny the averments contained within paragraph 24 of Plaintiff's Complaint.

25. Defendants VEGA and HOUSTON deny the averments contained within paragraph 25 of Plaintiff's Complaint.

26. Defendants VEGA and HOUSTON deny the averments contained within paragraph 26 of Plaintiff's Complaint.

27. Defendants VEGA and HOUSTON admit that 47 U.S.C. §553 prohibits the receipt and interception of communications services offered over a cable system "unless specifically authorized to do so by a cable operator or as may otherwise be authorized by law", deny that 47 U.S.C. §553 prohibits the unauthorized exhibition of communications services offered over a cable system, and are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained within paragraph 27 of Plaintiff's Complaint.

28. Defendants VEGA and HOUSTON deny the averments contained within paragraph 28 of Plaintiff's Complaint.

29. Defendants VEGA and HOUSTON deny the averments contained within paragraph 29 of Plaintiff's Complaint.

30. Defendants VEGA and HOUSTON deny the averments contained within paragraph 30 of Plaintiff's Complaint.

31. Defendants VEGA and HOUSTON admit that they cannot be held liable under both of the statutes cited by Plaintiff within paragraph 31 of Plaintiff's Complaint and deny the remainder of the averments contained within paragraph 31 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

32. By way of further answer, if same be necessary, Defendants VEGA and

HOUSTON assert authorized use as an affirmative defense in that Defendant HOUSTON was authorized by DIRECT TV to receive the transmission of the broadcast which is the subject of this lawsuit and that DIRECT TV was authorized to transmit the broadcast in question to HOUSTON.

33. By way of further answer, if same be necessary, Defendants VEGA and HOUSTON assert payment as an affirmative defense in that payment was made by Defendant HOUSTON to DIRECT TV for the right to receive the transmission of the broadcast which is the subject of this lawsuit, that DIRECT TV was an apparent agent of Plaintiff and, upon information and belief, DIRECT TV had the right to collect payment from HOUSTON and authorize HOUSTON to receive the transmission of the broadcast in question.

34. By way of further answer, if same be necessary, Defendants VEGA and HOUSTON assert accord and satisfaction as an affirmative defense in that payment was made by Defendant HOUSTON to DIRECT TV for the right to receive the transmission of the broadcast which is the subject of this lawsuit, that DIRECT TV was an apparent agent of Plaintiff and, upon information and belief, DIRECT TV had the right to collect payment from HOUSTON and authorize HOUSTON to receive the transmission of the broadcast in question.

35. By way of further answer, if same be necessary, Defendants VEGA and HOUSTON assert as an affirmative defense that if and to the extent HOUSTON unlawfully received the transmission of the broadcast which is the subject of this lawsuit, this was entirely due to the acts and/or omissions of a third-party, DIRECT TV, which was not

subject to Defendants' control and/or was an apparent agent of Defendant, and which Defendants did not know or have reason to know had acted or was acting unlawfully.

36. By way of further answer, if same be necessary, Defendants VEGA and HOUSTON assert as an affirmative defense that neither VEGA nor HOUSTON knowingly or intentionally committed any acts which constitute a violation of 47 U.S.C. §553 or 47 U.S.C. §605(a) and that 47 U.S.C. §553 and 47 U.S.C. §605(a) prohibit only knowing and intentional acts.

37. By way of further answer, if same be necessary, Defendant VEGA asserts that she is a corporate officer of HOUSTON, which is a Texas limited liability corporation, and that she cannot be held personally liable for the claims Plaintiff has alleged in Plaintiff's Complaint on the basis of her status as a corporate officer and shareholder of HOUSTON.

WHEREFORE, Defendants VEGA and HOUSTON pray that:

(a) judgment be rendered against Plaintiff and in favor of Defendants in this lawsuit;

(b) Plaintiff take nothing and go forth without recovery in this lawsuit;

(c) Defendants recover all costs; and

(d) Defendants be awarded such other and further relief to which they may be justly entitled.

Respectfully submitted,

By _____
Baltasar D. Cruz
State Bar No. 05196150
P.O. Box 600823
Dallas, Texas 75360
Telephone: 214-369-9058

ATTORNEY FOR DEFENDANTS
MARISOL VEGA and HOUSTON
PUERTO RICAN RESTAURANT, L.L.C.

CERTIFICATE OF SERVICE

I hereby certify that on this, the 13th day of May, 2009, a complete and accurate copy of this document was served via certified mail, return receipt requested, by depositing same, enclosed in a properly addressed wrapper with first class U.S. postage prepaid, in a post office or official depository under the care and custody of the United States Postal Service, upon:

Julie Cohen Lonstein, Esq.            via CM RRR #7007 2680 0002 0166 8258
Lonstein Law Office, P.C.
1 Terrace Hill, P.O. Box 351
Ellenville, NY 12428

Lauren M. Serper, Esq.                via CM RRR #7007 2680 0002 0166 8265
Law Offices of Lauren M. Serper
3405 Edloe, Suite 200
Houston, TX 77027

_____
Baltasar D. Cruz